UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VITAL PHARMACEUTICALS, INC., d/b/a
VPX SPORTS,

      Plaintiff,

v.                                    Case No. _____

HENSLEY BEVERAGE COMPANY,

      Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX" or "Plaintiff"), sues Defendant, Hensley Beverage Company ("Hensley" or "Defendant"), and alleges:

## NATURE OF THIS ACTION

1. This action arises out of different wholesale beverage distribution relationships for the distribution of different branded products subject to different rights; some governed by a written contract and others intentionally excluded from any written contract. VPX manufactures and sells energy drinks under various brands, including among others, Redline®, Black Pearl®, Meltdown®, and Protein Rush®. VPX also manufactures and sells energy drinks under its separate BANG® brand.

2. In 2010, years before the BANG®-branded products were first nationally launched in 2012, Defendant entered into a written contract with VPX that specifically and only governs Defendant's distribution of REDLINE® RTD, REDLINE XTREME®, REDLINE PRINCESS®, BLACK PEARL®, REDLINE POWER RUSH®, MELTDOWN® and PROTEIN RUSH™ (collectively, the "Contract Products"). The 2010 written contract contains a buyout provision that expressly applies, again, specifically and only to the Contract Products.

1

3.     Subsequently and separately starting in or around 2014, VPX allowed Defendant to also distribute certain of VPX's BANG® products without a written contract. Defendant has admitted that it has not entered into any written contract with VPX governing Defendant's distribution of BANG® products. VPX is now terminating Defendant's non-contractual rights to distribute BANG® products, but VPX is not terminating Defendant's contractual rights to distribute the Contract Products. Despite not having a contract for the distribution of BANG® products, Defendant contends it is somehow entitled to a buyout for BANG® products under the separate 2010 written contract that applies solely to the distribution of the Contract Products.

4.     VPX seeks a declaration of the parties' rights and obligations under the March 3, 2010 Distributor Agreement ("2010 Agreement"), including a declaration that: (i) the 2010 Agreement is inapplicable to BANG® products; (ii) VPX's right to terminate Defendant as its distributor for BANG® products is not governed by the 2010 Agreement; (iii) the 2010 Agreement is expressly limited to the Contract Products, *i.e.*, REDLINE® RTD, REDLINE XTREME®, REDLINE PRINCESS®, BLACK PEARL®, REDLINE POWER RUSH®, MELTDOWN® and PROTEIN RUSH™; (iv) the 2010 Agreement has never been amended to add BANG® products; (v) BANG® products were distributed by Defendant without a written contract and only commercially reasonable notice of termination was required before VPX could terminate Defendant as its distributor for BANG® products; and (vi) Defendant's right to distribute BANG® products terminates and expires effective May 27, 2020, following the thirty (30) day notice period extended by VPX on April 27, 2020.

## THE PARTIES

5.     VPX is a Florida corporation with its principal office located at 1600 N. Park Drive, Weston, FL 33326, and is therefore a citizen of the state of Florida.

6. Hensley is an Arizona corporation with its principal place of business located at 4201 North 45th Avenue, Phoenix, Arizona, and is therefore a citizen of the State of Arizona.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, *et seq*.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332. The parties to this action are diverse and the amount in controversy exceeds $75,000.00 because Defendant claims to be owed in excess of $5,000,000 as a result of VPX's decision to terminate Defendant's distribution of BANG® branded products.

9. Venue is proper in this Court because, as part of the 2010 Agreement, Defendant contractually agreed Florida law shall govern all issues relating to the 2010 Agreement and irrevocably agreed any legal action, suit, or proceeding arising out of or in connection with the 2010 Agreement, transactions contemplated thereby, or disputes relating thereto, shall be brought exclusively in the State or Federal courts located in Broward County, Florida. Defendant expressly waived any jurisdictional objections to litigating in this Court. *See* Exhibit A, ¶¶ 4.2 and 4.3.

## BACKGROUND FACTS

10. VPX is a manufacturer of fitness-focused nutritional supplements and energy drinks, which have been sold over time under various brands such as REDLINE®, BLACK PEARL®, MELTDOWN®, PROTEIN RUSH™, and, most recently for purposes of this action, BANG®. Each VPX product brand is made up of a variety of energy drink products.

11. VPX launched the BANG® brand in 2012. The other brands identified above were launched before 2010.

12. VPX sells its products internationally and nationwide. To do so, it relies in part on independent wholesale distributors to sell and distribute its products to retail resellers.

13. On March 3, 2010, VPX and Defendant executed the 2010 Agreement whereby Defendant agreed to serve as VPX's wholesale distributor for the Contract Products in Maricopa, Yavapai, and Pinal Counties, in the state of Arizona. A true and accurate copy of the 2010 Agreement is attached hereto as **Exhibit A**.

14. Section 1.1 of the 2010 Agreement expressly limits the rights and obligations to specific products that do not include the BANG® branded products: "This Agreement, including, without limitation, any right of exclusive distribution within a given territory, *applies to the following products: Redline® RTD, Redline Xtreme®, Redline Princess®, Black Pearl®, Redline Power Rush®, Meltdown® and Protein Rush*™." Exhibit A, §1.1 (emphasis added).

15. Following the BANG® brand's national launch in 2012, VPX authorized and began using Defendant in or around 2014 as the distributor of certain BANG® branded products in Maricopa, Yavapai, and Pinal Counties in Arizona.

16. Because BANG® was an entirely new brand with unique market potential, VPX did not offer Defendant a written contract to distribute BANG® products, and, thereafter, the parties did not enter into any written agreement governing the distribution of BANG® products. Likewise, VPX has repeatedly refused to amend the 2010 Agreement to incorporate or add the BANG® branded products based on a lack of mutual agreement regarding material terms unique to the BANG® brand, including exclusivity.

17. Indeed, VPX has consistently rejected Defendant's requests to add the BANG® brand to the 2010 Agreement given, among other things, Defendant's insistence upon also selling competitive products in the same category as BANG®, such as Xyience energy drink products.

18. For example, in July 2018, Andrew McCain, Defendant's Chief Executive Officer, wrote to VPX's Executive Vice President of Sales, Gene Bukovi, conceding the lack of mutual

4

agreement on BANG® products and seeking to add this distinct brand to the parties' existing (or "current") 2010 Agreement:

> I am happy to speak with you or Jack but I want to make clear that we are not interested or trying to change any contract. I'm not sure what is being asked of you by our team, ***but the fact of the matter is that Bang is not included in our current contract***. We want to add it, that's it.

A true and accurate copy of the July 10, 2018 email exchange is attached as **Exhibit B**. (Emphasis added).

19. That same date, Mr. Bukovi, on behalf of VPX, promptly responded declining to add the "totally different" BANG® products to the 2010 Agreement:

> I have no problem having a conversation. ***We are not going [to] (sic) add Bang to the current contract you have***. … Bang is at a totally different level and we have taken a position that requires exclusivity. We want 100% focus. ….

*Id*. (Emphasis added).

20. At all times since Defendant first started distributing BANG® products in or around 2014, Defendant knowingly distributed BANG® products without any written contract or amendment to the 2010 Agreement.

21. Defendant has been in business since 1955, employs over 1200 employees, distributes over 2500 beverages, and holds itself out as one of the largest family owned and operated beverage distributors in the nation. Such a commercial entity surely knew throughout the relationship that the BANG® products were sold without any contract and were not subject to the 2010 Agreement governing different products (and, indeed, has affirmatively acknowledged this fact as noted above).

22. Over the course of the years, the parties have discussed a new agreement that would govern the distribution of BANG® and other emerging brands offered by VPX but no agreement has ever been reached or executed.

23. On April 27, 2020, VPX sent Defendant formal written notice that upon thirty (30) days expiration, its right to distribute BANG® products would be terminated and any continued relationship between the parties, if Defendant wished to continue distributing the existing Contract Products, would be governed by a new Emerging Brands Agreement. A true and accurate copy of the April 27, 2020 letter is attached as **Exhibit C**.

24. On April 30, 2020, Defendant responded claiming that, despite years of admissions that it had no contract for BANG® products, it now contends that "Hensley's distribution rights under the 2010 Agreement have been expanded to include BANG® products." A true and accurate copy of the April 30, 2020 letter is attached hereto as **Exhibit D**.

25. On May 17, 2020, Defendant's CEO again demanded a termination buyout payment, claiming it is owed over $5,000,000 for its distribution of BANG® products, the calculation of which is based in the buyout terms contained in § 3.2 of the 2010 Agreement. In the same email, Defendant acknowledged its intention to continue distributing REDLINE® products under the 2010 Agreement, and threatened to sue VPX if it refuses to pay for its termination of any rights to distribute BANG® products. A true and accurate copy of the May 17, 2020 email is attached hereto as **Exhibit E**.

## COUNT ONE: DECLARATORY JUDGMENT

26. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 25 above.

27. An actual controversy exists as to whether: (a) the 2010 Agreement is applicable to BANG® products; (b) VPX's right to terminate Defendant as its distributor for BANG® products is governed by the 2010 Agreement; (c) the 2010 Agreement is expressly limited to the Contract Products; (d) the 2010 Agreement has ever been amended to add BANG® products; (e) BANG® products were distributed by Defendant without a written contract and only commercially

reasonable notice of termination was required before VPX could terminate Defendant as its distributor for BANG® products; and (f) Defendant's right to distribute BANG® products terminates and expires effective May 27, 2020, following the thirty (30) day notice period extended by VPX on April 27, 2020.

28. VPX desires a judicial determination of its right to terminate the distribution relationship for BANG® products and that its termination is effective May 27, 2020.

29. A judicial declaration is necessary and appropriate at this time under the circumstances in order that VPX may ascertain and understand its rights and obligations, as well as the rights of Defendant with respect to the 2010 Agreement and its distribution of BANG® products since Defendant has refused to recognize VPX's termination and threatened to bring suit for damages if not paid a buyout pursuant to § 3.2 of the 2010 Agreement.

30. A judicial determination at this time will lessen the financial and other burdens incurred by VPX and correct Defendant's flawed and disingenuous contentions about the parties' rights and duties.

31. Pursuant to 28 U.S.C. § 2201, this Court is authorized to adjudicate and decide the parties' respective rights and obligations and to determine, under Florida law, whether the 2010 Agreement applies to the distribution of BANG® products, to determine the parties' respective rights and obligations if the court finds the 2010 Agreement does not apply, and to determine whether VPX rightfully and lawfully terminated Defendant's distribution relationship for BANG® products upon reasonable notice provided on April 27, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, respectfully requests judgment and relief against Defendant, Hensley Beverage Company, as follows:

A. A declaration by this Court finding:

      i. The 2010 Agreement does not apply to Defendant's distribution relationship with VPX for the sale of BANG® products;

     ii. VPX and Defendant did not enter any written agreement that governs Defendant's rights to distribute BANG® products; and

    iii. VPX rightfully and lawfully terminated the distribution relationship with Defendant for the sale of BANG® products and Defendant's rights terminate and expire on May 27, 2020.

B. A final judgment awarding Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, such other and further relief as the Court deems necessary and just.

Dated: May 22, 2020

    /s/*Zachary S. Foster*
    Zachary S. Foster
    Florida Bar No. 111980
    **QUARLES & BRADY LLP**
    101 E. Kennedy Blvd.,
    Suite 3400
    Tampa, Florida 33602
    Telephone: (813) 387-0300
    Fax: (813) 387-1800
    Zachary.Foster@quarles.com

    and

    Francis Massabki
    Florida Bar No. 687901
    Vital Pharmaceuticals, Inc.
    1600 North Park Drive
    Weston, FL 33326
    Telephone: (954) 641-0570
    Fax: (954) 389-6254
    frank.massabki@vpxsports.com

    *Attorneys for Plaintiff*
    *Vital Pharmaceuticals, Inc.*